MEMORANDUM***
On April 28, 2005, Appellant Jordan was found guilty of conspiring to distribute cocaine and cocaine base, possession of cocaine with the intent to distribute, and possession of cocaine base with the intent to distribute. On November 28, 2005, he was sentenced to 151 months in prison. His sentence was based on the mid-range of the applicable sentencing guidelines at the time. He appealed his convictions and sentence to this Court, which affirmed both.
After the imposition of sentence, the United States Sentencing Commission issued amendments to the Sentencing Guidelines. Under the revised calculations, Jordan was eligible for — but not entitled to — a reduction in sentence. Jordan filed motions in district court to reduce his sentence, pursuant to 18 U.S.C. 3582(c). The district court denied the motion, and this appeal follows.
This court reviews the district court’s denial of a motion to modify a sentence for an abuse of discretion. See United States v. Sprague, 135 F.3d 1301, 1304 (9th Cir.1998). In sentencing Jordan, the district judge noted Jordan’s “history of violent convictions,” citing this history as “one of the principle [sic] reasons for the imposition of [his] 151 month sentence.” The court concluded that while it had “the option to reduce [the] sentence by two points under the retroactive amendments, the Court exercises its discretion not to do so.” The district court further noted that it “believed the mid range of the Guidelines was a proper and reasonable sentence,” concluding that “the originally imposed sentence of 151 months [was] the minimum necessary to address Jordan’s conduct.”
Defendant complains that the district court imposed the same sentence based upon factors that it had not expressly considered when it imposed the original sentence. Noting that 151 months was now an upward departure from the revised sentencing guidelines, Jordan complains that the district court imposed that sentence without giving Jordan either notice it intended to depart, or an opportunity to address the “previously unvoiced factors” *692 the court considered. Defendant also complains of an ex post facto error.
A. Consideration of New Facts/ Factual Errors
The Presentence Report (“PSR”) adequately supported the district court’s conclusion that Jordan had two prior convictions for violent felonies, and that they both involved the use of firearms. Jordan never disputed the PSR’s description of his criminal history, and these same facts existed at the time of the original sentencing.
B. Ex Post Facto Error
Defendant suggests that when his motion for reduction was filed, he would have been subject to a guideline range of 92 to 115 months (level 26). The guideline range was subsequently increased to a range of 110 to 137 months (level 28). Jordan contends that the subsequent increase in the guideline range is an ex post facto violation.
“The heart of the Ex Post Facto Clause, U.S. Const., Art. I, § 9, bars application of a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed .... To prevail on this sort of ex post facto claim, [Appellant] must show both that the law he challenges operates retroactively (that it applies to conduct completed before its enactment) and that it raises the penalty from whatever the law provided when he acted.” Johnson v. United States, 529 U.S. 694, 699, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) (internal quotation and citation omitted). There was no ex post facto violation here,- because the amendments in question lowered the penalty from its original range.
CONCLUSION
The Court does not find an abuse of discretion by the district court. Nor does the Court find a violation of the Ex Post Facto Clause. Accordingly, the decision below is AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.